IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREI GAFITA,

        Plaintiff,

    v.

NUCS AI, INC., et al.,

        Defendants.

Case No.  25-cv-10757-CRB

**ORDER GRANTING MOTION TO DISMISS IN PART**

The Court previously dismissed Gafita's fraud in the inducement claim for a failure to state a claim and insufficiency under the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Order (dkt. 35).  Gafita subsequently amended his complaint, splitting his fraud in the inducement claim into two—one for each amendment to his stock purchase agreement.  FAC (dkt. 37).  Defendants Nucs AI and Nijat Ahmadov move to dismiss these two claims (Gafita's fifth and sixth claims).  Mot. (dkt. 38).  As explained below, the Court **GRANTS** Defendants' motion in part.[1]

## I.    DISCUSSION

Gafita alleges that Ahmadov and Farid Yagubbayli (together, "Founder Defendants") made a series of misstatements that induced him into entering the two amendments that changed the vesting of his initial stock purchase.  FAC ¶¶ 104, 114.  The Court addresses each claim and its corresponding categories of misstatements below.

---

[1] The Court has already covered the factual allegations and applicable law in its prior order.  See Order.  Accordingly, the Court presumes familiarity with the factual and legal backdrop of this motion.  The Court also deems this matter suitable for resolution without oral argument, under Civil Local Rule 7-1(b).

United States District Court
Northern District of California

United States District Court
Northern District of California

### A.    First Amendment

Gafita alleges that the Founder Defendants made two categories of misstatements for the first amendment: co-founder status and board membership.  FAC ¶¶ 104.  He asserts that he agreed to revest his shares because, based on the Founder Defendants' statements about his position, he believed he had a key role at Nucs and his equity would be protected.  Opp'n (dkt. 40) at 6–9.  Defendants' main argument against these statements is that Gafita fails to allege materiality or reliance as related to the first amendment itself.  See Mot. at 15–18.  The Court previously dismissed Gafita's claim based on these categories of statements, partly due to materiality and reliance issues.  Order at 13–14 (concluding that Gafita's "complaint does not explain how a promise of a board seat convinced him to later agree to contracts about vesting his shares" (emphasis in original)).  For the same reason, the Court dismisses them again.

An "inducing representation must not only be material, but must concern an essential part of the transaction."  Maverick Therapeutics, Inc. v. Harpoon Therapeutics, Inc., No. CV 2019-0002-SG, 2020 WL 1655948, at *31 (Del. Ch. Apr. 3, 2020) (citation modified), judgment entered, (Del. Ch. 2020), judgment entered, (Del. Ch. 2021).  Gafita still fails to explain how statements about him being a co-founder or getting a board seat concern the essential part of the first amendment: vesting his shares.  The Court understands Gafita's position that the Founder Defendants' purported scheme lulled him into a false sense of security.  See FAC ¶ 28 (representations made Gafita feel "he would be treated fairly").  But statements that are general and unrelated to a contract itself cannot be a basis for a fraud in the inducement claim.

Accordingly, the Court dismisses Gafita's claim as to these statements.

### B.    Second Amendment

Gafita alleges that another two categories of misstatements induced him to agree to the second amendment for his vesting schedule.  The first concerns representations that Gafita would be treated fairly and the second is about the necessity of revesting.  FAC ¶ 114.  Defendants contend that these statements are nonactionable opinions and fail to

2

satisfy Rule 9(b)'s pleading requirements.  Mot. at 19–21.

### 1.    Fairness

Gafita points to two statements by Ahmadov that implicate his expected fair treatment.  FAC ¶ 114.  The first is Ahmadov's representation that he was a "fair guy" and would treat Gafita fairly.  Id.  The second is Ahmadov's statement that Gafita would receive fair compensation for his contributions.  Id.  Gafita argues that the Court already held that these statements were actionable and that he now adequately alleges them with particularity.  Not quite.

Gafita's allegation about Ahmadov being a fair guy who would treat Gafita fairly was not present in the original complaint.  And it is not actionable.  A "statement of opinion cannot generally be the basis for an action in fraud."  RHA Constr., Inc. v. Scott Eng'g, Inc., No. CVN11C03013JRJCCLD, 2013 WL 3884937, at *4 (Del. Super. Ct. July 24, 2013).  An opinion can be actionable when there is a "misrepresentation of implied fact."  Id. (internal quotation omitted).  Ahmadov's purported statement is merely an expression of an "opinion[] or prediction[] about the future."  Mooney v. Pioneer Nat. Res. Co., No. CV N17C-01-225 RRC, 2017 WL 4857133, at *5 (Del. Super. Ct. Oct. 24, 2017).  There is no underlying fact implicated in his statement.  And fairness, after all, is subjective.

Ahmadov's statement about Gafita receiving fair compensation fares differently, however.  The Court previously concluded that the statement was actionable because it hinged on Gafita's compensation and Defendants allegedly schemed to deny Gafita any portion of his shares.  Order at 14.  The Court only dismissed this misstatement because Gafita failed to provide detailed allegations.  Id. at 15.  But Gafita properly amended his complaint to add the requisite information.  He alleges that the statement was made by Ahmadov around October 2024 at a meeting in Berlin.  FAC ¶ 33; see Sultanis v. Champion Petfoods USA Inc., No. 21-CV-00162-EMC, 2021 WL 3373934, at *4 (N.D. Cal. Aug. 3, 2021) ("The circumstances required by Rule 9(b) are the "who, what, when, where, and how" of the activity. (citation modified)).

United States District Court
Northern District of California

### 2.    Necessity

Gafita alleges that Ahmadov made three misstatements about his revesting: (1) his revesting was necessary to secure outside investment; (2) revesting would "be so good for the company"; and (3) Gafita would not "need to work again" after the company succeeded. FAC ¶ 114. Defendants move to dismiss the latter two statements as nonactionable opinions that fail to plead falsity under Rule 9(b). Mot. at 21. The Court agrees that the statements are opinions. Delaware courts are clear that "forward-looking predictions" and puffery are not actionable. Mooney, 2017 WL 4857133, at *5. That is precisely what these statements are. See Trenwick Am. Litig. Tr. v. Ernst & Young, L.L.P., 906 A.2d 168, 208 (Del. Ch. 2006) (non-actionable opinions where the defendant said an acquisition would be "beneficial" or make the company "more competitive in all three of its major markets"), aff'd sub nom. Trenwick Am. Litig. Tr. v. Billett, 931 A.2d 438 (Del. 2007). They only refer to a speculative future benefit to Nucs and Gafita. Accordingly, the Court dismisses Gafita's claim as to these two statements.

### C.    Fraud by Omission

Gafita attempts to salvage his claims by arguing that he is also pursuing a fraud by omission theory under both causes of action. Opp'n at 15. Defendants contend that such a theory is deficient under Rule 9(b). Reply (dkt. 41). The Court agrees with Defendants.

Fraud by omission, like affirmative misrepresentations, "must be pleaded with particularity under Rule 9(b)." Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009). To plead an omission with particularity, a plaintiff must "describe the content of the omission and where the omitted information should or could have been revealed" and identify the "representations that plaintiff relied on . . . and that failed to include the allegedly omitted information." In re NJOY, Inc. Consumer Class Action Litig., No. 14-CV-00428-MMM, 2014 WL 12586074, at *6 (C.D. Cal. Oct. 20, 2014).

Gafita's allegations are plainly deficient. For both claims, Gafita repeats—without detail—that Defendants owed him fiduciary duties to disclose "material facts around their request that he execute" the amendments. See FAC ¶¶ 103, 113. But Gafita fails to plead

4

what material facts were omitted, merely reiterating that Ahmadov made other affirmatively false misrepresentations.  See id. ¶¶ 104, 114.

## II.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion in part.  As Gafita already had an opportunity to amend and further amendment would be futile, the Court dismisses with prejudice Gafita's claims with respect to the misstatements discussed above.  Gafita may amend his claims based on his omission theory within 30 days of this order, as amendment may not be futile.

**IT IS SO ORDERED.**

Dated: August 4, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California