GRELLAS SHAH LLP
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
JUSTIN L. SOWA, ESQ. (SBN 305002)
(jsowa@grellas.com)
550 California Street, Suite 1040
San Francisco, CA 94104
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

Attorneys for Plaintiff DR. ANDREI GAFITA

RAJIV DHARNIDHARKA, CA Bar No. 234756
rajiv.dharnidharka@foley.com
MATTHEW D. CAPLAN, CA Bar No. 260388
matt.caplan@foley.com
**FOLEY & LARDNER LLP**
ONE MARKET PLAZA
55 SPEAR STREET TOWER, SUITE 1900
SAN FRANCISCO, CA 94105
TELEPHONE: 415.434.4507
FACSIMILE: 415.434.4484

JOHN P. RILEY, CA Bar No. 356477
jp.riley@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendants
NUCS AI, INC. and NIJAT AHMADOV

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

DR. ANDREI GAFITA, an individual,

Plaintiff,

vs.

NUCS AI, INC., a Delaware corporation, NIJAT AHMADOV, an individual, and FARID YAGUBBAYLI, an individual,

Defendants.

Case No.: 3:25-cv-10757-CRB

**JOINT CASE MANAGEMENT STATEMENT**

JURY TRIAL DEMANDED

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

## I. JURISDICTION AND SERVICE

Defendants Nucs AI, Inc. ("Nucs AI") and Nijat Ahmadov ("Ahmadov") do not dispute that the Court has jurisdiction over them for the purposes of this action.

Nucs AI has been served and has appeared. Defendant Nijat Ahmadov has been personally served within this district and does not dispute jurisdiction. Defendant Farid Yagubbayli has not been served and Plaintiff intends to dismiss Defendant Yagubbayli from the action without prejudice.

## II. FACTS

<u>Plaintiff's Statement:</u>

Gafita, an oncologist and medical researcher, is a co-founder of defendant corporation Nucs AI, a start-up formed to develop AI technology to assist in the diagnosis and treatment of prostate cancer. Gafita founded the company with individual defendants Ahmadov and Yagubbayli in March 2024. At the time of Nucs AI's founding, Gafita was issued 4,700,000 shares, representing slightly more than half the issued shares, outright with no vesting terms via a Common Stock Purchase Agreement ("CSPA"). In May 2024, Ahmadov and Yagubbayli told Gafita that revesting some of his shares was necessary to attract outside investment. Gafita, relying on Nucs AI's representations and given little time to consider, agreed to amend his CSPA to revest some of his shares. In January 2025, Gafita was again told by Nucs AI that further revesting of his shares was necessary, and again, under pressure, Gafita agreed, executing a Second Amendment to his CSPA that fully revested his shares. At the same time, Gafita and Nucs AI executed a Stock Restriction Agreement that provided that if Gafita was terminated without Cause all his shares would immediately vest. Gafita and Nucs AI also executed a Consulting Agreement that contained a similar accelerated vesting provision in the event of Gafita's termination without Cause.

Gafita alleges that Nucs AI engineered a pretextual termination for Cause to permit it to repurchase Gafita's shares. Nucs AI sent Gafita a notice of breach of the Consulting Agreement fashioned in such a manner as to make the alleged breaches uncurable, while Nucs AI cut off Gafita's access to its computer systems making it impossible for him to do his job. Nucs AI

terminated the Consulting Agreement in August 2025, purportedly for Cause, which Gafita disputes. Gafita believes his termination was pretextual, his acceleration provisions were triggered, and his shares have all vested. In the alternative, Gafita alleges that he was fraudulently induced to sign the amendments to his CSPA, which revested his shares, and is entitled to rescind them, restoring his fully vested 4,700,000 shares.

<u>Defendants' Statement</u>:

Nucs AI and Ahmadov deny that they are in any way liable to Gafita. Gafita's regret about amending his stock agreements with Nucs AI is not fraud. The company was forthright with Gafita about the transactions and the contract terms, which also included input and feedback from Gafita himself. He was aligned with and fully aware of the consequences of the amendments—as shown by his review, iteration, and signature on multiple agreements—until he was terminated for Cause.

Gafita exhibited numerous issues in the performance of his responsibilities outlined in his Consulting Agreement, engaged in repeated acts of insubordination, and regularly disparaged company leadership, both internally and externally. This conduct and underperformance culminated in a meeting with leadership from a direct competitor which Gafita arranged without the company's knowledge and disclosed only after it had taken place.. Following that meeting, the company received a notice of patent infringement from that same competitor. As a result, the company sent him a Notice of Breach and Demand for Cure on June 20, 2025, pursuant to the terms of his Consulting Agreement with the company. That notice outlined the issues with his performance, including: (1) unauthorized disclosure of company information to a competitor; (2) breaches of various obligations to the company; (3) underperformance; (4) disrespectful behavior to the company's leadership team; and (5) insubordination. After Gafita received this notice from the company, another entity sought to register Nucs AI's trademarks – this required inside company knowledge, which Nucs AI believes the entity learned from Gafita. When Gafita did not cure, let alone show any good faith effort to attempt to cure, the issues set forth in the June 20, 2025 breach notice, Nucs AI terminated him for Cause.

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

## III. LEGAL ISSUES

The parties agree that Delaware law applies based on the choice of law provision in each agreement at issue.

The dispute involves questions of contract interpretation and fraud, but the parties do not currently believe there are other significant legal issues in this case.

## IV. MOTIONS

Nucs AI has asserted counterclaims against Gafita. Gafita may file motions related to those counterclaims, including under Rule 12(b). The parties do not anticipate any other motions at this time.

## V. AMENDMENT OF PLEADINGS

Based on the present state of the case, the parties do not anticipate amending their pleadings based on the facts currently known to them.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties have advised their clients on their obligation to preserve evidence and do not anticipate any issues with evidence preservation.

## VII. DISCLOSURES

Gafita and Nucs AI held an initial Rule 26(f) conference on March 17, 2026. Gafita and Nucs AI agreed to serve initial disclosures within 14 days of that conference, or no later than March 31, 2026. Accordingly, Gafita and Nucs AI served their initial disclosures on March 31, 2026. Ahmadov will serve initial disclosures now that he has been served and appeared in the case.

## VIII. DISCOVERY

The parties have not taken any discovery to date.

The parties met and conferred and agreed that they do not anticipate requiring relief from the standard discovery rules.

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

The parties intend to agree on a stipulated protective order substantially tracking the Northern District's Model Protective Order that they will submit to the Court.

The parties have proposed discovery deadlines in the Scheduling section below.

**IX. CLASS ACTIONS**

This case is not a class action.

**X. RELATED CASES**

There are no related cases.

**XI. RELIEF**

Gafita seeks specific performance ordering the transfer of 4,700,000 shares of Nucs AI stock and/or imposition of a constructive trust in his benefit over 4,700,000 shares of Nucs AI stock, and a declaration that he is the rightful owner of 4,700,000 shares of Nucs AI stock. In the alternative, Gafita seeks monetary damages in an amount sufficient to compensate him for the loss of 4,700,000 shares of Nucs AI stock, which will be determined through discovery and at trial. On his alternative claim for fraud in the inducement, Gafita seeks 4,700,000 shares of Nucs AI stock or, in the alternative, damages in an amount to be calculated at trial. As unjust enrichment damages, Gafita seeks disgorgement of the value obtained by Nucs AI through retention of Gafita's ideas, business plan, intellectual property, professional network, and services rendered, to be determined through discovery and at trial. Gafita also seeks punitive damages in connection with his fraud claims. Some of these damages theories are alleged in the alternative and Gafita will make an election of remedy prior to trial. Calculation of damages other than specific performance, constructive trust, and declaratory relief relies on discovery from Nucs AI into its value and financial performance and cannot be estimated prior to discovery.

Nucs AI seeks compensatory damages, in an amount to be proven at trial, on its counterclaims for breach of the Consulting Agreement and breach of the Confidential Information and Invention Assignment Agreement (the "CIIAA"). On its Consulting Agreement claim, Nucs AI seeks damages including, without limitation, the costs of the remedial quality and regulatory initiatives required before it can submit its product to the FDA, including

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

approximately $292,500 to license replacement clinical data from Segmed, Inc., at least $58,000 to contract with additional medical professionals for the Clinical Validation Study, more than $150,000 to design and implement a quality management system, and $9,120 to remediate the study protocol and statistical analysis plan, as well as damages for delays in obtaining FDA approval and bringing its product to market and for other business disruptions and additional costs. On its CIIAA claim, Nucs AI seeks damages including, without limitation, the costs of responding to the Lantheus Patent Infringement Notice and of sending cease and desist correspondence to PSMA Laboratories LLC, including $23,645.00 in outside legal fees, $6,600.84 in fees to file additional trademark applications, and damages for other business disruptions and harm to its competitive position.

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

## XII. SETTLEMENT AND ADR

The parties engaged in informal settlement discussions prior to the filing of defendants' motions to dismiss and to transfer, but were unable to reach a consensus. The parties met and conferred and agreed that they hope to submit the case to private mediation but believe it would not be fruitful until the pleadings are set and some discovery has been taken.

## XIII. OTHER REFERENCES

The parties do not believe this matter is suitable for reference.

## XIV. NARROWING OF ISSUES

The parties have not identified any issues that can be reasonably narrowed at this time.

## XV. SCHEDULING

Gafita, Nucs AI, and Ahmadov propose the following case schedule:

Service of Ahmadov's initial disclosures: October 30, 2026

Deadline to complete written discovery: July 16, 2027

Deadline to complete depositions: August 31, 2027

Close of fact discovery: October 8, 2027

Service of expert reports: October 29, 2027

Service of rebuttal expert reports: November 24, 2027

Deadline to complete expert depositions: December 23, 2027

GRELLAS SHAH LLP
550 CALIFORNIA ST., SUITE 1040
SAN FRANCISCO, CA 94104

Deadline to file dispositive motions: January 21, 2028

Dispositive motion hearing: March 10, 2028

Final pretrial conference: May 12, 2028

Trial: To be set by the Court

**XVI. TRIAL**

The parties seek a jury trial on all issues so triable. The parties believe 10 days will be required for trial.

**XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each party has filed its disclosure of non-party interested entities or persons. All parties stated that there is no conflict or interest (other than the named parties) to report.

**XVIII. PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XIX. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER.**

The parties have no other matters to discuss at this time.

Respectfully submitted,

Dated: October 23, 2026

GRELLAS SHAH LLP

By: */s/ Justin L. Sowa*
Dhaivat H. Shah, Esq.
Justin L. Sowa, Esq.
Attorneys for Plaintiff Dr. Andrei Gafita

Dated: October 23, 2026

FOLEY & LARDNER LLP

By: */s/ John P. Riley*
Rajiv Dharnidharka, Esq.
Matthew D. Caplan, Esq.
John P. Riley, Esq.

Attorneys for Defendants Nucs AI, Inc. and Nijat Ahmadov